UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES BENDINELLI,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,
a corporation and JOHN
DOE, an individual,

      Defendants.
_____/

## WAL-MART STORES EAST, LP's NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, LP ("Wal-Mart"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 6th Judicial Circuit Court in and for Pinellas County, Florida, Case No. 20-004651-CI, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I. BACKGROUND

1. On or about September 30, 2020, Plaintiff commenced this action by filing a Complaint against Wal-Mart and John Doe in the 6th Judicial Circuit Court in and for Pinellas County, Florida. *See* Pl.'s Compl. attached as **Ex. "A."** The Complaint was served on November 5, 2020. *See* Service of Process Transmittal and Summons showing Wal-Mart was served attached as **Ex. "B."**

2. As further set forth below, the sole purpose of Plaintiff naming as a Defendant an unknown store manager is to avoid removal based on diversity jurisdiction.

3. Plaintiff James Bendinelli alleges a claim for negligence against Wal-Mart and

manager John Doe as a result of injuries he allegedly sustained on November 8, 2019 when he claims he was injured when he slipped on crushed grapes on the floor near the produce section of the store located at 3801 Tampa Road, Oldsmar, Pinellas County, Florida. *See* Plaintiff's Complaint at ¶¶ 4, 8, 10, 11.

    4.    Plaintiff also alleges Wal-Mart breached various duties owed to him including the duty to maintain the floor in a reasonably safe condition, by negligently creating or causing to exist a slippery, dangerous condition which appeared to be crushed grapes on the floor, negligently failing to maintain the floor space inn and around the produce section, negligently failed to inspect or adequately inspect the floor space in and around the produce section, negligently failed to warn or adequately warn the Plaintiff of the danger of slipping, and negligently failed to fix, repair, correct or adequately fix, repair or correct or adequately fix, repair or correct the dangerous condition. *Id* at ¶ 11.

    5.    In addition, Plaintiff alleges that John Doe breached various duties owed to him including by negligently failing to enforce and/or implement company and corporate policies and/or procedures for the protection and safety of its business invitees, negligently failed to properly train and/or supervise company and corporate employees as to company and corporate policies and/or procedures for the protection of its business invitees and customers, negligently failed to properly train and supervise company and corporate employees as to company and corporate policies and/or procedures relating to inspection, mopping and cleaning of floor in the store, negligently failed to properly train and supervise company and corporate employees as to company and corporate policies and/or procedures relating to warning business invitees and customers of the dangerous, slippery condition of the floors, including the proper placement of warning signs, negligently failed to alert Defendant Wal-Mart of the dangerous condition of the

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

store's floors and the need for better and more effective training of the Defendant's employees, negligently failed to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to business invitees and customers by failing to repair or authorize repair of the store floors in the store, negligently failed to adequately warn business invitees and customers of the dangerous conditions that he knew or should have know of, negligently failed to properly remedy the dangerous condition of the floors of the store, negligently failed to exercise reasonable care in the maintenance, inspection, repair, warning, and/or mode of operation of said store. *Id* at ¶ 16.

6. Plaintiff's Complaint fails to allege any facts showing John Doe was actively negligent by participating in a tort that caused the alleged incident.  The Complaint further fails to allege that John Doe was on duty at the time of Plaintiff's incident.  Instead, Plaintiff merely alleges that John Doe "owed to Plaintiff […] the duty to exercise reasonable care for the safety of the Plaintiff." Id. at ¶ 15.

7. The allegations in Plaintiff's Complaint clearly show that no basis exists for including a manager in this action other than to defeat diversity jurisdiction and prevent removal of this matter.

8. On or about August 31, 2020, prior to filing the instant lawsuit, the Plaintiff submitted a pre-suit demand letter which sought Three Hundred Ninety Five Thousand Dollars ($395,000.00) and attached Plaintiff's medical bills which totaled Eighty Nine Thousand Four Hundred Seventy One Dollars and Sixty Eight Cents ($89,471.68).  In addition, Plaintiff claimed he has lost approximately Nine Hundred Fifty Eight Dollars and Seventy Two Cents ($958.72) in

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

past lost wages. See Pre-Suit Demand Letter[1] attached as **Ex. "C."**

9. Plaintiff's Complaint is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

10. Wal-Mart requests this Court disregard the citizenship of Wal-Mart's store manager when determining that complete diversity jurisdiction exists in this case, and dismiss John Doe from this case entirely because he was not actively negligent and therefore, not a proper party to this litigation.

11. Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 6th Judicial Circuit of the State of Florida in and for Pinellas County together with a docket sheet from the Clerk of the Court. See attached as **Composite Ex. "D."**

12. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

13. In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's initial Complaint. Plaintiff's initial Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on November 5, 2020, when Plaintiff served his initial Complaint.

14. Prior to the service of Plaintiff's initial Complaint, Plaintiff sent Wal-Mart a

---

[1] Wal-Mart has not filed the entire complement of medical records which Plaintiff submitted with her pre-suit demand letter in order to protect the Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Wal-Mart will provide same for an in camera inspection.

written pre-suit demand outlining Plaintiff's claimed damages inclusive of actual medical expenses and loss wage claims in connection with his alleged incident.

15. Venue exists in the United States District Court for the Middle District of Florida, Tampa Division, because the 6th Judicial District in and for Pinellas County, where Plaintiff filed his state court Complaint against Wal-Mart, is located within the United States District Court for the Middle District of Florida, Tampa Division.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

16. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

    A.    **Citizenship of WAL-MART STORES EAST, L.P.**

17. At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. See DE 1-5. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of

5

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.

  B. **Citizenship of Plaintiff JAMES BENDINELLI.**

18. Plaintiff, James Bendinelli, alleged he was a resident of Pinellas County, Florida at the time of the incident. See Ex. "A." at ¶ 2. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

19. Here, Plaintiff's various medical records/bills reveal that she is a resident of Pinellas County. See **Ex. "E."** Plaintiff's Pinellas County, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See* Katz, 2009 WL 1532129 at *3.

  C. **Citizenship of Wal-Mart Manager, John Doe**

20. Wal-Mart does not dispute that the managers working at the subject premises were, at all times material hereto, likely citizens of the State of Florida.[2] However, Wal-Mart requests this Court disregard the citizenship of its managers when determining that complete diversity exists among the parties in this case, and dismiss John Doe from this case entirely as "it is well established under Florida law that [a store manager] does not incur personal liability for the

---

[2] Wal-Mart managers do not clock in so it is not possible to know which managers were at the store at the time of the alleged incident.

corporation's tort merely by reason of the officer's official character." See *De Varona v. Discount Auto Parts, LLC.,* 860 F. Supp. 2d 1344, 1347 (S.D. Fla. 2012) quoting *Orlovsky v. Solid Surf*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981).

> **D. There exists complete diversity between the parties because the joinder of John Doe as a defendant is a fraudulent attempt to defeat valid diversity jurisdiction.**

21. Although Plaintiff and the Wal-Mart manager are citizens of the State of Florida, complete diversity jurisdiction exists in this case under 28 U.S.C. § 1332(a)(1) because Plaintiff seeks to add manager John Doe as a Defendant solely to defeat otherwise valid jurisdiction; therefore, the citizenship of the Wal-Mart's manager should be disregarded. *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir.2006)); *Tapscott v. MS Dealer Serv. Corp.*, 77 F. 3d 1353, 1360 (11th Cir. 1996).

22. In determining whether diversity jurisdiction exists, courts must disregard the citizenship of fraudulently joined parties. *Tapscott*, 77 F. 3d at 1360. A defendant seeking to prove that a c-defendant was fraudulently joined must demonstrate by clear and convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into the state court. *See Stillwell*, 663 F. 3d at 1332; *Henderson*, 454 F. 3d at 1281.

23. The determination of whether the resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of the removal, supplemented by affidavits submitted by the parties. *See Pacheco de Perez v. AT & T Co.*, 139 F. 3d 1368, 1380 (11th Cir. 1998). *See also Legg v. Wyeth*, 428 F. 3d 1317, 1322 (11th Cir. 2005)(finding error

where the district court relied solely on allegation in plaintiff's complaint and refused to consider the defendants' affidavits in determining whether joinder of the resident defendant was fraudulent).

24. The issue of whether there is no possibility the plaintiff can establish a cause of action against the defendant turns on whether liability can be imposed on the resident defendant. *Hunt v. Target Corp.*, 2014 WL 1515262, *2 (S.D. Fla. Apr. 18, 2014); *Tynes v. Target Corp.*, 2013 WL 1192355, *2 (S.D. Fla. Mar. 22, 2013). If a defendant shows "there is no possibility that plaintiff can establish a cause of action against the resident defendant . . . the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Resources, LLC*, 484 F. 3d 1293, 1297 (11th Cir. 2007).

25. In *Tynes*, the plaintiff, a Florida citizen, filed a complaint in state court alleging negligence against Target Corporation, a Minnesota citizen, and an unnamed employee, John Doe, arising from a slip and fall incident inside a Miami *Target store. Tynes v. Target Corp.*, 2013 WL 1192355 (S.D. Fla. Mar. 22, 2013). The case was removed by the defendant based on diversity of citizenship and amount in controversy, which the plaintiff admitted was over $75,000.00. *Id.* at *1. The plaintiff argued removal was improper as the plaintiff identified through discovery the identity of John Doe – Target employee Wilbert A. Hernandez – claimed that he was a resident of Miami-Dade County. *Id.* In denying the plaintiff's motion to remand, the court found there was little possibility that the plaintiff could prove a cause of action in negligence against the Target employee because the plaintiff failed to allege any individual duty was owed or that the subject tort was committed in the store manager's individual capacity. *Id.* at *2.

26. The court echoed the well-established Florida law that "a corporate agent or

8

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

employee may not be held personally liable simply because of this general administrative responsibility or performance of some function of this employment-he or she must be actively negligent." (quoting *McElveen v. Peeler*, 554 So. 2d 270, 272 (Fla. 1st DCA 1989). *See also De Varona v. Discount Auto Parts, LLC*., 860 F. Supp. 2d at 1348.

27.     In *De Varona*, the plaintiff, a Florida citizen, filed a negligence claims against Advance Auto parts, a Virginia corporation. *De Varona v. Discount Auto Parts, LLC.,* 860 F. Supp. 2d at 1345.  The plaintiff amended her complaint and named the store manager, a Florida resident, as a joint defendant asserting a separate count of negligence against the store manager. *Id.*  In her amended complaint, the plaintiff alleged the store manager had a duty to use ordinary care to maintain the store premises in a reasonably safe condition and was negligent by failing to correct a dangerous condition or warn the plaintiff of the dangerous condition which caused her fall.  *Id.*     Thereafter, the defendant removed the case to the Southern District, arguing the citizenship of the store manager should be disregarded because he was fraudulently joined solely to avoid federal jurisdiction. *Id.* at 1346.  In support of its notice of removal, Advance Auto Parts presented an affidavit from the store manager denying any personal responsibility for plaintiff's incident, attesting that he was not in the parking lot when the alleged accident occurred, that he could not see the parking lot form his vantage point in the store, and that he had no knowledge of any hazardous condition in the parking lot on the date of the incident. *Id.*  The court denied the plaintiff's motion to remand, stating "plaintiff has provided no facts showing that [the store manager] played a role in her injuries . . ." *Id.* at 1347.  The court reiterated the well-established Florida law that a store manager does not incur personal liability for a corporation's torts merely by reason of the store manager's official title. *See Id.*  (citing *Orlovsky v. Solid Surf*, 405 So.2d at 1364).  To be individually liable, a corporate official must have committed or participated in the

9

tort. *Id.* (citing *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005)("The law is clear to the effect that officers or agents of corporations may be individually liable in tort if the commit or participate in a tort"). *Id.*

28.     Similarly, in *Pritchard v. Wal-Mart Stores, Inc.*, 2009 WL 580245, *3 (S.D. Fla. 2009), the court also denied the plaintiff's motion to remand as the plaintiff failed to provide any evidence whatsoever to support its claim that the store manager was actively negligent. In *Pritchard*, the plaintiffs filed suit against Wal-Mart and one of its store managers in state court alleging claims of negligence, and loss of consortium against both Wal-Mart and the store manager. *Id.* at *1. With respect to the store manager, the plaintiffs allege the store manager owed a duty to plaintiffs to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises; and the store manager breached those duties by acting negligently in failing to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises. *Id.* Wal-Mart removed the case, alleging diversity jurisdiction despite the Florida residency of the store manager as he was fraudulently joined by the plaintiff' to defeat diversity jurisdiction. *Id.* The defendants filed a declaration from the store manager, in which she stated she had no prior knowledge of the dangerous condition, and no one, including store customers, notified her of the dangerous condition prior to plaintiff's incident. *Id.* at *2. The store manger's declaration was sufficient evidence that the store manager had no notice of the allegedly dangerous condition and could not be found to be actively negligent. *Id.* at *3. The court agreed with Wal-Mart that the store manager was fraudulently joined as a defendant because the plaintiff could not establish that the store manager was personally at fault for the plaintiffs' injuries in any way as there is no evidence to support the store manager was actively negligent. *Id.* The court denied plaintiff's motion to remand and

10

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

granted the store manager's motion to dismiss. *Id.*

29. In *Franco v. Wal-Mart Stores East, L.P.*, 16-20706-CIV-Moreno (S.D. Fla. March 8, 2016) (D.E. 17), the plaintiff filed a lawsuit against Wal-Mart and the store manager claiming negligence as a result of plaintiff's purported slip and fall at the store. Wal-Mart suspected the manager was named for the sole purpose of defeating diversity jurisdiction and filed its notice of removal noting there was diversity jurisdiction as the store manager was fraudulently joined. There, the plaintiff failed to allege any active negligence by the store manager. The court dismissed the store manager who was not even working at the store the date of the incident and advised plaintiff that she would be sanctioned if another store manager was added solely to defeat diversity jurisdiction.

30. In *Jennifer Roman v. Wal-Mart Stores East, L.P.*, 20-80869-Civ-Smith, D.E. 10 (S.D. Fla. September 1, 2020), the Plaintiff likewise filed a lawsuit against Wal-Mart and its manager claiming negligence as a result of her being struck by a supply cart. *Id*. The Court held that even though the store manager was on duty at the time of the Plaintiff's incident, Plaintiff failed to state a colorable claim against the manager when she failed to show any facts proving that the manager caused the supply cart to strike her, that the manager was in the area when she was hit by a supply cart or that the manager even knew of her being hit by a supply cart. Id. The Court concluded that absent any showing of any personal involvement on the part of the store manager, he was fraudulently joined and denied the plaintiff's motion for remand. *Id.*

31. In the instant case, there is no possibility Plaintiff can prove a cause of action for negligence against Wal-Mart's manager because he was not actively negligent, had no personal involvement in Plaintiff's incident and was not even in the area of the alleged incident at the time. *See De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 WL 580425 at *3. Plaintiff does

11

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

and cannot establish that there was a Wal-Mart manager in the area where he alleges he fell or that any manager had notice that the subject mat was raised or uneven. *See De Varona*, 860 F. Supp. 2d at 1347 (denying motion to remand where the plaintiff did not provide any facts showing employee played a role in her injuries and therefore was not actively negligent); *Pritchard*, 2009 WL 580425 at *3 (dismissing claims against the manager because the plaintiff failed to show evidence of active negligence on the part of the manager).

32. Although in her Complaint Plaintiff alleges that John Doe failed to properly execute various general administrative responsibilities pertaining to his duties as Store Manager, Plaintiff fails entirely to provide one single act or omission taken by John Doe in his individual personal capacity that brought about Plaintiff's incident. Indeed, the allegations against John Doe contain absolutely no indication of any involvement on part of John Doe in his individual capacity. *See* Exh "A" ¶ 15, 16.

33. For example, Plaintiff (1) did not allege that John Doe personally created the alleged dangerous condition of crushed grapes on the floor in a negligent manner; (2) did not allege that John Doe personally knew about the alleged dangerous condition of crushed grapes on the floor and negligently ignored it; (3) did not allege that any employee or customer informed John Doe of the alleged dangerous condition in the form of the crushed grapes on the floor----thereby giving him personal knowledge of same, and (4) did not allege that John Doe was in the area of the Plaintiff's incident nor that he was in the store at all for that matter.

34. Therefore, no Wal-Mart manager is personally liable for negligence simply because of his/her role as one of the managers of the subject Wal-Mart store on the date of the alleged incident. Further, the allegations in the Complaint of John Doe's negligence are unsubstantiated and do not show active negligence on the part of any Wal-Mart employee. Thus,

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

there exists complete diversity jurisdiction in this case because John Doe was fraudulently joined in a clear attempt to destroy otherwise valid jurisdiction. Therefore, the citizenship of Wal-Mart's managers must be disregarded and this Court should dismiss John Doe from the lawsuit entirely.

## IV. AMOUNT IN CONTROVERSY

35. The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $15,000.00 jurisdictional minimum, it is clear from Plaintiff's pre-suit demand and accompanying medical records and medical bills that the Plaintiff's claimed damages exceed the jurisdictional minimum of $75,000.00 in this Court. *See Del Rio v. Scottsdale Ins. Co.*, 2005 WL 3093434 (M.D. Fla. Nov. 18, 2005) (answers to interrogatories evidence of amount in controversy where the answers indicated plaintiff sought more in damages than the jurisdictional amount).

36. The well-established rule adopted by the Eleventh Circuit states that Wal-Mart can offer its own affidavits, declarations, ***or other documentation*** to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

37. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by*

13
**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement).

38. Moreover, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka,* 608 F.3d at 754). Furthermore, a removing defendant, like Wal-Mart, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka,* 608 F.3d at 754. All that is required is that Wal-Mart show, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id.* at 752.

39. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz v. J.C. Penney Corp., Inc*., 2009 WL 1532129, *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)).

40. The relevant portions of Plaintiff's itemized and specifically detailed pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Specifically, the Plaintiff's pre-suit demand letter indicated that her past

medical bills as of August 31, 2020 were estimated total of $89,471.68, his lost wages claim appeared to be at $958,72. and Plaintiff's pre-suit demand letter estimates damages in the instant matter to be at least three hundred ninety five thousand dollars ($395,000.00) to settle this claim. *See* Ex. "C."

41. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

42. For example, in *Katz v. J.C. Penney Corp*., the Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz*, 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's August 17, 2018 pre-suit demand letter in this case, it was based on medical records provided by the Plaintiff. *Id*.

43. District courts have found that the amount in controversy is satisfied by a showing that Plaintiff's pre-suit demand letter demonstrates Plaintiff's past medical bills exceed $75,000.00. For example, in *Stramiello v. Petsmart, Inc*., Case No. 8:10-cv-659-T-33TGW, 2010 U.S. Dist. Lexis 59119, at *3 (M.D. Fla. 2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and she would "surely seek recovery of future medical expenses and significant pain and suffering damages." Id. The court found the defendant established complete diversity and that the amount in controversy exceeded the minimum jurisdictional requirement; therefore, the court denied the

plaintiff's motion to remand. Id. at *5.

44. Additionally, in *Wilson v. Target Corp.*, the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur additional $1 million dollars in future medical expenses as a result of his incident. *Wilson v. Target Corp.*, 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount of damages she bought, but only plead that her damages were in excess of $15,000.00, the court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in his complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.*

45. Here, Plaintiff's pre-suit demand letter which estimates Plaintiff's damages to be three hundred ninety five thousand dollars ($395,000.00) is an honest assessment of his claimed damages as it is based on Plaintiff's past medical bills of over $89,471.68 as of August 31, 2020, as well as Plaintiff's wage loss claim in the amount of $958.72 and future medical care expenses. *See Katz*, 2009 WL 1532129 at 4.

46. Like *Stramiello* and *Wilson*, Plaintiff's pre-suit demand letter includes medical expenses incurred by the Plaintiff which exceed $75,000.00, in addition to medical records which indicate the plaintiff will incur future medical expenses for medical care. *Wilson*, 2010 WL 3632794, at *4; *Stramiello*, 2010 WL 2136550, at *3. This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. CONCLUSION

Because there exists complete diversity between Plaintiff and Wal-Mart who are citizens

of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 6th Judicial Circuit in and for Pinellas County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, No. 20-004651-CI on the docket of the Court for the 6th Judicial Circuit in and for Pinellas County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, Tampa Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Dated: December 4, 2020.

Respectfully submitted,

/s/ Marta R. Golani
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
William Edwards, Esq.
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
Marta R. Golani, Esq.
Florida Bar No. 037331
mgolani@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
*Attorneys for Wal-Mart Stores East LP*
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:    (305) 379-3686
Facsimile:    (305) 379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 4, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Marta R. Golani, Esq.*
Marta R. Golani, Esq.

## SERVICE LIST

James R. Wilson, Esq.
Morgan & Morgan
One Tampa City Center
201 N. Franklin Street, 7th Floor
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
JRWPleadings@forthepeople.com
RThorn@forthepeople.com

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690