Filing # 114227804 E-Filed 09/30/2020 06:28:42 PM

# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
# IN AND FOR PINELLAS COUNTY, FLORIDA
# CIVIL DIVISION

JAMES BENDINELLI,

    Plaintiff,

-vs-                                          CASE NO.:   20-004651-CI

WALMART STORES EAST, LP and JOHN DOE,

    Defendants.
_____/

## COMPLAINT

COME NOW the Plaintiff, JAMES BENDINELLI, by and through his undersigned attorneys, and sues Defendants, WALMART STORES EAST, LP and JOHN DOE, and alleges:

## GENERAL ALLEGATIONS

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (the estimated value of Plaintiffs claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, if required, Plaintiff will enter "over $100,000" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only.) The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff, JAMES BENDINELLI, was a resident of Pinellas County, Florida.

3. At all times material hereto, the Defendant, WALMART STORES EAST, LP (hereinafter referred to as WALMART), was authorized and doing business in Pinellas County, Florida.

4. At all times material hereto, Defendant, WALMART, owned, operated and maintained a store located at 3801 Tampa Road, Oldsmar, Pinellas County, Florida, which was used as a store for the purposes of selling miscellaneous items to the general public.

5. At all times material hereto, Defendant, JOHN DOE (name undetermined at this time), was the manager of Defendant, WALMART's store, located in Oldsmar, Pinellas County, Florida.

6. At all times material hereto, Defendant, JOHN DOE, is believed to have resided in or around Pinellas County, and in the State of Florida. Discovery is ongoing as to his/her current residence.

7. Plaintiff sent Defendant WALMART a certified letter dated September 30, 2020, requesting the name and residential county of the manager(s) on the date of the accident.

8. On November 8, 2019, the Plaintiff, JAMES BENDINELLI, went to the WALMART store located at the above address to purchase items.

## COUNT I
## NEGLIGENCE CLAIM AGAINST WALMART

Plaintiff, JAMES BENDINELI, reiterates and realleges Paragraphs 1 through 7 of this Fourth Amended Complaint as if more fully set forth herein and further alleges:

9. On the date and at the place aforesaid, the Defendant, WALMART, owed the Plaintiff, JAMES BENDINELLI, a business visitor upon the premises, the duty to exercise reasonable care for the safety of Plaintiff, JAMES BENDINELLI.

10. On the date of the incident, WALMART, by and through its employees, managers, representatives, contractors, and/or agents, could reasonably anticipate that its mode of operation for ensuring that the floor of the store was not left in a slippery and dangerous condition was not reasonable.

11. On the date and at the place aforesaid, the Defendant, WALMART, by and through its employees, managers, representatives, contractors, and/or agents, breached the duty owed to the Plaintiff, JAMES BENDINELLI, by committing one or more of the following omissions or commissions:

    a. Negligently created or caused to exist a slippery, dangerous condition which appeared to be crushed grapes on the floor of or near the produce section.

    b. Negligently failed to maintain or adequately maintain the floor space in and around the produce section by allowing a substance which appeared to be crushed grapes to remain on said floor, and otherwise failed to exercise reasonable care for the safety of the Plaintiff, JAMES BENDINELLI, as he walked across said floor;

    c. Negligently failed to inspect or adequately inspect the floor space in and around the produce section, to determine whether the substance which appeared to be crushed grapes existed on said floor, and otherwise failed to exercise reasonable care for the safety of the Plaintiff, JAMES BENDINELLI;

    d. Negligently failed to warn or adequately warn the Plaintiff, JAMES BENDINELLI, of the danger of slipping on the substance which appeared to be crushed grapes when he entered the floor space in and around the produce section when the Defendant, WALMART, knew or should have known of said danger and that the Plaintiff, JAMES BENDINELLI, was unaware of said danger; and

    e. Negligently failed to fix, repair, correct, or adequately fix, repair, or correct the dangerous condition of the substance which appeared to be crushed grapes on

the floor in and around the produce section when said dangerous condition was known to the Defendant, WALMART, or had existed for a sufficient length of time so that the Defendant should have known of it.

12. As a direct and proximate cause of the negligence of the Defendant, WALMART, as heretofore alleged, the Plaintiff, JAMES BENDINELLI, slipped on the substance which appeared to be crushed grapes, which had been permitted to remain on said floor, and when he fell he sustained injuries and damages as hereinafter alleged.

13. As a direct and proximate result of the negligence of the Defendant, WALMART, as heretofore alleged, the Plaintiff, JAMES BENDINELLI, was injured in and about his body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of a physical nature; incurred a significant permanent injury to the body as a whole; incurred a permanent total disability; incurred the loss of ability to lead and enjoy a normal life; incurred a loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, JAMES BENDINELLI, will sustain said loss in the future.

WHEREFORE, the Plaintiff, JAMES BENDINELLI, demands judgment against the Defendant, WALMART STORES EAST, LP, in an amount in excess of THIRTY THOUSAND ($30,000.00) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

## COUNT II
### NEGLIGENCE CLAIM AGAINST JOHN DOE, STORE MANAGER

Plaintiff, JAMES BENDINELLI, reiterates and realleges Paragraphs 1 through 7 of this Complaint as if more fully set forth herein and further alleges:

14. On the date and at the place aforesaid, the Defendant, JOHN DOE, was the manager of Defendant WALMART's store and was responsible for overseeing the operations of the store.

15. On the date and at the place aforesaid, the Defendant, JOHN DOE, owed to Plaintiff, JAMES BENDINELLI, the duty to exercise reasonable care for the safety of the Plaintiff, JAMES BENDINELLI.

16. On the date and at the place aforesaid, the Defendant, JOHN DOE, breached his duty owed to Plaintiff, JAMES BENDINELLI, by committing one or more of the following omissions or commissions:

 a. Negligently failed to enforce and/or implement company and corporate policies and/or procedures for the protection and safety of its business invitees and customers, including the Plaintiff;

 b. Negligently failed to properly train and/or supervise company and corporate employees as to company and corporate policies and/or procedures for the protection of its business invitees and customers, including the Plaintiff;

 c. Negligently failed to properly train and supervise company and corporate employees as to company and corporate policies and/or procedures relating to the inspection, mopping and cleaning of floors in the store, for the protection of its business invitees and customers, including the Plaintiff;

 d. Negligently failed to properly train and supervise company and corporate employees as to company and corporate policies and/or procedures relating to warning business invitees and customers of the dangerous, slippery condition of the floors, including the proper placement of warning signs, for the protection of its business invitees and customers, including the Plaintiff;

e.      Negligently failed to alert Defendant, WALMART, of the dangerous condition of the store's floors, and the need for better and more effective training of the Defendant's employees, for the protection of its business invitees and customers, including the Plaintiff;

f.      Negligently failed to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to business invitees and customers by failing to repair or authorize repair of the floors in the store, for the protection of its business invitees and customers, including the Plaintiff;

g.      Negligently failed to adequately warn business invitees and customers, including the Plaintiff, of the dangerous conditions that he knew or should have known of, for the protection of its business invitees and customers, including the Plaintiff;

h.      Negligently failed to properly remedy the dangerous condition of the floors of the store, or otherwise repair said dangerous condition, for the protection of its business invitees and customers, including the Plaintiff;

i.      Negligently failed to exercise reasonable care in the maintenance, inspection, repair, warning, and/or mode of operation of said store, for the protection of its business invitees and customers, including the Plaintiff;

j.      Was negligent in other respects not yet known at this time.

15.     As a direct and proximate cause of the negligence of the Defendant, JOHN DOE, as heretofore alleged, the Plaintiff, JAMES BENDINELLI, slipped on the substance which appeared to be an unknown liquid, which had been permitted to remain on said floor, and when she fell he sustained injuries and damages as hereinafter alleged.

16.     As a direct and proximate result of the negligence of the Defendant, JOHN DOE, as heretofore alleged, the Plaintiff, JAMES BENDINELLI, was injured in and about his body and extremities; incurred medical expenses for the treatment of said injuries;

incurred pain and suffering of a physical nature; incurred a significant permanent injury to the body as a whole; incurred a permanent total disability; incurred the loss of ability to lead and enjoy a normal life; incurred a loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, JAMES BENDINELLI, will sustain said loss in the future.

WHEREFORE, the Plaintiff, JAMES BENDINELLI, demands judgment against the Defendant, JOHN DOE, in an amount in excess of THIRTY THOUSAND ($30,000.00) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

DATED this 30th day of September, 2020.

/s/James R. Wilson
James R. Wilson, Esquire
Florida Bar #: 909963
MORGAN & MORGAN
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tele: 813-223-5505
Fax: 813-223-5402
Primary: JRWPleadings@forthepeople.com
Secondary: RThorn@forthepeople.com
Attorney for Plaintiff