UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES BENDINELLI,

    Plaintiff,

v.                                                              Case No: 8:20-cv-2893-KKM-JSS

WAL-MART STORES EAST, LP,
a corporation,

    Defendants.
_____

## ORDER

On November 8, 2019, James Bendinelli slipped and fell in the produce section of a Wal-Mart. Bystanders afterward opined that he must have slipped on crushed grapes. Bendinelli then sued Wal-Mart[1] for negligence and Wal-Mart now moves for summary judgment. Because Bendinelli has failed to show Wal-Mart had actual or constructive notice of any transitory substance on its floor and has failed to offer sufficient evidence of causation, the Court grants Wal-Mart's motion.

---

[1] Bendinelli brought his claim against Wal-Mart Stores East, LP. For convenience, the Court refers to the defendant simply as Wal-Mart.

I.  BACKGROUND

Bendinelli alleges that Wal-Mart negligently caused him to slip and suffer injuries when he visited its store on November 8, 2019. (Doc. 1-2 at 2–4.) At the time of the incident, Bendinelli had just grabbed a container of muffins and was walking through the produce section when he slipped and fell. (Doc. 23-1 at 10.) He did not see any grapes before his fall, but some Wal-Mart employees pointed out what appeared to be crushed grapes afterwards.[2] (*Id.* at 10–11.) Bendinelli did not see any footsteps or cart marks around the crushed grapes. (*Id.* at 13.) Nor did he know how long the grapes had been there or how they got on the ground. (*Id.* at 11.) But he testified that he heard a Wal-Mart employee say that his accident was not the first time the employee had "seen this on the floor and . . . they should have some kind of mat there so the floor wouldn't be so slippery."[3] (*Id.* at 10.) Bendinelli did not know whether "this" referred to someone falling on the floor in that area or someone slipping on crushed grapes. (*Id.* at 11.) Following the accident, Bendinelli suffered from pain in both arms, both shoulders, his bottom, his hip, and his right knee. (*Id.* at 16–18.) By June 2021, he felt pain only in his left shoulder and left arm. (Doc. 23-1 at 18.)

---

[2] Bendinelli refers to the condition causing his fall as both a "grape" and "grapes." (*Compare* Doc. 23-1 at 11, *with* Doc. 30 at 8.) For consistency—and because the number of grapes does not materially matter—the Court refers to the condition Bendinelli claims caused his fall as "grapes."

[3] At one point, Bendinelli ascribes the statement to a group of Wal-Mart employees. (Doc. 23-1 at 11.) But later, Bendinelli implicitly concedes that it was a single employee who made the statement. (*Id.* at 24 (confirming that he did not "recall which employee but [was] . . . sure it was a [Wal-Mart] employee that said this").)

Bendinelli filed suit on September 30, 2020, in state court, naming Wal-Mart and John Doe as defendants. (Doc. 1-1.) Wal-Mart removed to this Court on December 4, 2020. (Doc. 1.) After this Court ordered Bendinelli to show cause why it should not dismiss Doe as a fictious litigant, Bendinelli voluntarily dismissed Doe from the case. (Doc. 10.)

The original scheduling order set June 18, 2021, as the deadline for expert disclosures, and July 9, 2021, as the deadline for discovery. (Doc. 13.) Upon request, the Court extended the deadlines to July 16, 2021, and August 6, 2021, respectively. (Doc. 21.) Wal-Mart filed its expert disclosure on June 18, 2021, but Bendinelli did not disclose his expert report until September 9, 2021. (Doc. 27 at 3; Doc. 34 at 3, 7.) Bendinelli then moved for an extension of the expert disclosure and discovery deadlines. Because Bendinelli failed to establish good cause and excusable neglect for seeking to amend the scheduling order and to extend the deadlines after they had passed, the Court denied his motion. (Doc. 41.) Wal-Mart now moves for summary judgment against Bendinelli. (Doc. 23.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A moving party is entitled to summary judgment when the nonmoving party "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotext Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant always bears the initial burden of informing the district court of the basis for its motion and identifying those parts of the record that demonstrate an absence of a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When that burden is met, the burden shifts to the nonmovant to demonstrate that there is a genuine issue of material fact, which precludes summary judgment. *Id.* The nonmoving party must "go beyond the pleadings and her own affidavits" and point to evidence in the record that demonstrates the existence of a genuine issue for trial. *Celotex*, 477 U.S. at 324 (quotation omitted). The Court reviews all the record evidence and draws all legitimate inferences in the nonmoving party's favor. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192–93 (11th Cir. 2004).

### III. ANALYSIS

Under Florida law, a plaintiff must prove four elements to succeed on a claim of negligence: "(1) a duty by defendant to conform to a certain standard of conduct; (2) a breach by defendant of that duty; (3) a causal connection between the breach and injury to plaintiff; and (4) loss or damage to plaintiff." *Las Olas Holding Co. v. Demella*, 228 So. 3d 97, 102 (Fla. 4th DCA 2017) (quotation omitted). A business owner owes invitees a

duty to warn of concealed dangers and to use ordinary care to maintain its premises in a reasonably safe condition. *Brookie v. Winn-Dixie Stores*, 213 So. 3d 1129, 1131 (Fla. 1st DCA 2017) (quotation omitted). For accidents involving a transitory foreign substance in a business establishment, Florida law requires the plaintiff "prove the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1).

Wal-Mart moves for summary judgment on the basis that Bendinelli has failed to prove Wal-Mart had either actual or constructive notice of the condition causing Bendinelli's fall and that Bendinelli has offered no admissible evidence upon which a jury could reasonably conclude that Bendinelli's fall at Wal-Mart caused his injuries. Bendinelli offers no response to Wal-Mart's argument that it lacked actual notice; he instead contends that the evidence would permit a reasonable jury to find that Wal-Mart had constructive notice of the condition. The Court disagrees. There is insufficient evidence for a reasonable jury to find that Wal-Mart had constructive notice. And Bendinelli offers no evidence from which a reasonable jury could find that his injuries were caused by his accident at Wal-Mart. The Court therefore grants summary judgment for Wal-Mart.

### A. Bendinelli Fails to Provide Evidence Which Would Permit a Reasonable Jury to Find Wal-Mart Possessed Constructive Notice.

Bendinelli implicitly concedes that Wal-Mart lacked actual notice, but he contends that it had constructive notice because enough time had passed that Wal-Mart should have

known about the grapes and that the condition was foreseeable. The Court disagrees with Bendinelli on both scores.

Section 768.0755 of the Florida Statutes requires that a plaintiff in a negligence case premised on a person slipping and falling "on a transitory foreign substance in a business establishment . . . prove that the business establishment had actual or constructive knowledge of the dangerous condition." A plaintiff establishes constructive knowledge by proving that the dangerous condition "existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition" or that the "condition occurred with regularity and was therefore foreseeable." § 768.0755(1)(a), (b).

First, Wal-Mart argues that Bendinelli cannot establish constructive notice based on the time the crushed grapes remained on the ground. It points to Bendinelli's own admissions that he did not know how long the grapes were on the floor before he fell, how they got on the floor in the first place, what crushed them, or if there were any footmarks or tracks in the area of the grapes. (Doc. 23-1 at 11–13.) Of course, a plaintiff might show the passage of time circumstantially, such as through "dirt, scuffing, or tracks in a substance." *Berbridge v. Sam's E., Inc.*, 728 F. App'x 929, 930 (11th Cir. 2018) (unpublished) (quotation omitted); *see also Berard v. Target Corp.*, 559 F. App'x 977, 978 (11th Cir. 2014) (unpublished) (affirming summary judgment because the plaintiff did not

show "that the spill existed for such a length of time that [the defendant] should have known about it"). But Bendinelli admitted he did not see anything like that indicating others had traversed the area ahead of him and thus that the grapes were on the floor for a sufficient length of time that Wal-Mart should have known of them. (Doc. 23-1 at 11–13.) Nor did he put forth evidence of others making similar observations. And the mere presence of the substance on the floor at the time the accident occurs is not enough. *See Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011) ("[T]he mere presence of water on the floor is not enough to establish constructive notice.").

Bendinelli argues in response that—less than five minutes prior to his fall—an employee walked close to the area where the crushed grapes were found. (Wal-Mart Security Tape: Produce Overview_01 (Nov. 8, 2019), 3:14:20.)[4] And because a Wal-Mart employee testified that Wal-Mart employees are supposed to pick something up if they see it on the ground, (Doc. 23-4 at 7–8, 17), Bendinelli argues the Wal-Mart employee should have picked up the crushed grapes when he walked by them. This argument rests on the assumption that the grapes were present when the employee walked by the area. But Bendinelli offers no evidence that would transform his assumption into an inference reasonably available to a jury without some evidence the grapes were there when the employee walked by. The undisputed evidence rather shows that fifteen individuals,

---

[4] The parties cite the time of events in the video using a clock displayed in the record. The Court will also use this convention.

including Bendinelli, walked near the area between when the Wal-Mart employee passed the produce section and when Bendinelli fell. (Wal-Mart Security Tape: Produce Overview_01 (Nov. 8, 2019), 3:14:43–3:19:06.) But the video of these passersby does not include coverage of the floor where the grapes were or who, when, or how they came to be there.[5] Instead, it shows the area was highly trafficked, including one man who appeared to pick up a container of purple grapes (but not green ones like Bendinelli recalled being the culprit causing his fall). (*Id.* at 3:14:58; Doc. 23-1 at 12.) And Bendinelli has pointed to nothing in the video which would establish the length of time the grapes remained on the floor.

Bendinelli contends that it is up to the jury to decide whether the grapes fell during this time or whether they were present when the Wal-Mart employee walked through the department. But he offers no evidence that would permit a reasonable jury to find in his favor. And a reasonable jury cannot conclude a fact if it is based on "only a guess or a possibility, for such an inference is not based on the evidence but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982) (articulating the standard where a district court had entered judgment notwithstanding the verdict); *see also Berbridge*, 728 F. App'x at 932 (quoting the standard from *Twin Oaks* to affirm an entry of summary judgment). Any finding from a jury that the crushed grapes

---

[5] Bendinelli concedes that the grapes were "apparently barely off-screen, and cannot be seen." (Doc. 30 at 6.)

had existed long enough to give Wal-Mart constructive notice, premised solely on the fact that a Wal-Mart employee walked through the area five minutes prior, would be based on a mere guess that the grapes did not find their way to the floor after the Wal-Mart employee left the area. *See Berbridge*, 782 F. App'x at 934 (affirming summary judgment because the only evidence for constructive notice was that there was a dark and dirty substance on the floor, which allowed nothing more than a "guess or mere possibility" that the substance was present long enough to give constructive notice (quotation omitted)).

Bendinelli appears to argue that the mere presence of an employee before an accident occurs suffices for constructive notice. But the cases he cites do not establish such a rule. He contends that *Doudeau v. Target Corporation* indicates that a court is likely to hold a business had constructive notice when an employee was in the vicinity of the accident. *See* 572 F. App'x 970 (11th Cir. 2014) (per curiam). But that court did not hold that employee presence in the area is alone sufficient—instead, it held that the district court incorrectly ignored *other* evidence establishing constructive notice. Likewise, *Plott v. NCL America, LLC* found that employee presence was sufficient for constructive notice where two employees had been working within sight of the area of the condition while the condition, a puddle caused by rainwater, accrued. 786 F. App'x 199, 201–02 (11th Cir. 2019). Here, Bendinelli has not provided any evidence that an employee was continuously present in the area at the time the grapes fell on the floor.

9

Second, Wal-Mart argues that no reasonable jury could find, based on the evidence in the record, that the condition causing Bendinelli's accident was foreseeable. Wal-Mart offers the testimony of three employees who had worked at Wal-Mart for several years, each of whom confirmed that they were unaware of any incidents in the time they had worked for Wal-Mart where a customer had stepped on grapes. (Docs. 23-2 at 5; 23-3 at 7; 23-4 at 8, 13.) And it then argues that Bendinelli cannot point to any contrary evidence. It is Bendinelli's burden to establish that there is a dispute of material fact about whether this kind of accident occurred with regularity.

To establish regularity and thus foreseeability, Bendinelli relies on his own testimony that an unknown Wal-Mart employee stated that "this [was not] the first time that they have seen this on the floor and that they should have some kind of mat there so the floor wouldn't be so slippery." (Doc. 23-1 at 10.) This evidence fails for two reasons: it is inadmissible and, even if admissible, it alone does not provide sufficient evidence for a reasonable jury to conclude that the condition causing Bendinelli's fall was foreseeable.

First, Bendinelli's testimony is inadmissible hearsay. Hearsay is a statement made outside of the courtroom or a hearing and offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The purported Wal-Mart employee stated that "this [was not] the first time" he had seen this on the floor. That statement was allegedly made while at Wal-Mart following the accident; not in court or at a deposition. (Doc. 23-

10

1 at 10.) And Bendinelli offers the statement for the truth of the matter asserted: that the employees had seen "this" before to prove that the condition causing Bendinelli's accident had happened in the past. Nor were the statements made prior to Bendinelli's fall such that they could be offered to prove that Wal-Mart had notice. *Cf. United States v. Gold*, 743 F.2d 800, 818 (11th Cir. 1984) (admitting testimony that was offered to prove notice, not the truth of the matter asserted).

Bendinelli also fails to establish that they are proper admissions by a party opponent, which would make them not hearsay under Federal Rule of Evidence 801(d)(2). A party offering an employee's out-of-court statement against the opponent party must prove "that the content of the declarant's statement concerned a matter within the scope of his agency." *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1565 (11th Cir. 1991). And "[i]t is well established that Rule 801(d)(2)(D) requires the proffering party to lay a foundation to show that an otherwise excludible statement relates to a matter within the scope of the agent's employment." *Id.* at 1566 (quotation and emphasis omitted). "[T]he inquiry is whether [the employee] was authorized to act for his principal . . . concerning the matter about which he allegedly spoke." *Id.* at 1565. Bendinelli does not describe the employee's role at Wal-Mart or even know his last name. (Doc. 23-1 at 11.) The employee might have worked in the produce section, or he might have worked in the bakery, at the cash register, or as a greeter at the front of the store. Bendinelli does not even attempt to establish that

11

the statement was within the scope of his employment, so the Court cannot consider it. *See Wilkinson*, 920 F.2d at 1564–65 (excluding an employee's statement that the employer "had been having problems" with an accident-causing condition because the plaintiff failed to show that the employee was speaking on a matter within his scope of employment). In the absence of that lone hearsay statement, Bendinelli offers no evidence of regularity to prove foreseeability and thus constructive notice.

And even if the testimony was admissible, it would be insufficient by itself for a reasonable jury to find Wal-Mart had constructive notice. As Wal-Mart argues, Bendinelli did not know whether the "this" that the unnamed employee referred to meant that the employee had seen people slip and fall in that area in general, or whether he meant that he had seen crushed grapes in that area before. (Doc. 23-1 at 11.)  Bendinelli does not offer the employee's testimony to explain what "this" meant, nor would the Court permit him to speculate on the witness stand about the meaning of another's statement that he offers for its truth. The ambiguity inherent in what "this" meant undermines a jury's ability to make a permissible inference that this occurred with regularity such that it was foreseeable by Wal-Mart. Any finding that crushed fruit made this area slippery in the past causing others to fall with regularity would constitute "only a guess." *Twin Oaks Nursing Home*, 692 F.2d at 1324 (quotation omitted).

Under Florida law, before a plaintiff can succeed on a claim for negligence premised on slipping and falling on a transitory foreign substance, the plaintiff must establish that the defendant had notice. The undisputed evidence establishes that Wal-Mart had no actual notice of the condition causing Bendinelli's fall, and Bendinelli fails to identify sufficient evidence for a jury to find Wal-Mart had constructive notice. Wal-Mart is thus entitled to summary judgment on Bendinelli's negligence claim.

### B. Bendinelli Fails to Provide Evidence Which Would Permit a Reasonable Jury to Find Wal-Mart Caused Bendinelli's Injuries.

Wal-Mart is entitled to summary judgment for a second reason: Bendinelli fails to establish that his injuries were caused by his accident. Wal-Mart argues that it is entitled to summary judgment because Bendinelli fails to offer an expert who would testify that his left shoulder injury (which is not observable to a lay person) was caused by his fall at Wal-Mart. (Doc. 23 at 22–24); *see, e.g., Rivera v. Royal Caribbean Cruises Ltd.*, 711 F. App'x 952, 954 (11th Cir. 2017) ("When the causal link between alleged injuries and the incident at issue is not readily apparent to a lay person, expert medical testimony as to medical causation is typically required."); *Vero Beach Care Ctr. v. Ricks*, 476 So. 2d 262, 264 (Fla. 1st DCA 1985) ("Soft-tissue injuries, such as lower back difficulties, are not readily observable, and hence are not susceptible to evaluation by lay persons."). Without any evidence of causation, Bendinelli's negligence claim fails.

To start, Bendinelli fails to indicate any other injury, so he concedes that the only injury in dispute is his left-shoulder. (Doc. 30 at 11–18.) And the only evidence he relies on to prove causation is Wal-Mart's expert *not* opining on the cause of Bendinelli's injury. (*Id.* at 13–14.)[6] Bendinelli notes that the expert "avoids stating an opinion as to the cause of [Bendinelli's] left shoulder injury and resulting treatment" and argues that if the expert did not think the injury was caused by the fall at Wal-Mart, "he would have stated otherwise in his report." (*Id.*) But Bendinelli misunderstands his evidentiary burden—he must show his injury was "more likely than not" caused by his fall at Wal-Mart. *See Whitney v. R.J. Reynolds Tobacco Co.*, 157 So. 3d 309, 312 (Fla. 1st DCA 2014) (quotation omitted). An expert not opining about causation, although appropriate for cross examination, fails to satisfy this burden of causation. Stated otherwise, whatever inference the jury may permissibly draw from Wal-Mart's expert not giving a causation opinion fails to establish causation by a preponderance of the evidence.

Aside from the argument about Wal-Mart's expert, Bendinelli does not dispute his lack of expert testimony on causation or that he must offer some to survive summary judgment given his kind of injuries. (Doc. 30 at 11 ("Plaintiff does not currently have expert

---

[6] Although Bendinelli discusses his own testimony in the fact section of his response, he does not argue that his testimony proves causation. Therefore, the Court does not address whether Bendinelli's own testimony about causation satisfies his burden "to come forward with sufficient evidence to rebut" Wal-Mart's showing of no dispute of material fact about causation. *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991); *see also LaCourse v. PAE Worldwide Inc.*, 980 F.3d 1350, 1360 (11th Cir. 2020) (noting that a litigant abandons an argument where "she makes only 'passing references' to it in the background sections of her brief" (quotation omitted)), *cert. denied*, 141 S. Ct. 2702 (2021).

14

testimony as to the causation of Plaintiff's injuries."); *id.* at 17 ("[T]here's no dispute that [Bendinelli's inadmissible expert testimony] is critical to this case.").) He simply argues that the deadlines for expert disclosure and discovery should be extended or that he should be permitted to disclose his expert late. The Court has already rejected some of those arguments—explaining why Bendinelli failed to establish good cause and excusable neglect—when it denied his motion to extend the deadlines for expert disclosures and discovery. (Doc. 41.)

Left with no timely disclosure of an expert who opines on causation, Bendinelli argues that the Court should permit his late expert disclosure in violation of the Court's scheduling order because the delay was "substantially justified or harmless." (Doc. 30 at 17); Fed. R. Civ. Proc. 37. But, just as Bendinelli's reasons for permitting a late disclosure have not changed from his initial motion for an extension, the Court's reasons for denying his request likewise remain the same. The Court concludes it would still be prejudicial to Wal-Mart and Bendinelli does not establish any justification for the tardy disclosure.

In determining whether to admit evidence untimely disclosed, a court considers "the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party if the witness had been allowed to testify." *Izquierdo v. Certain Underwriters at Lloyd's London Subscribing to Pol'y No. BB014330K-3830*, No. 20-13772, 2021 WL 3197008, at *4 (11th Cir. July 29, 2021) (quotation omitted).

15

Bendinelli's explanation for his failure is Bendinelli's counsel "realized that he had inadvertently failed to disclose Dr. Brotherton as both a treating doctor and an expert witness." (Doc. 27 at 4.) As the Court concluded previously, this explanation fails to provide "any justification for how, despite due diligence, [Bendinelli] was unable to meet the deadlines in the Court's scheduling order." (Doc. 41 at 5.) And the prejudice that Wal-Mart would suffer if Bendinelli's expert were admitted despite Bendinelli's untimely disclosure would be identical to the prejudice it would suffer if the Court extended the expert disclosure deadline. The Court has already concluded that the costs Wal-Mart would suffer from extending the deadline are significant, including the costs of paying its expert to analyze Bendinelli's new expert opinion and amend his own report and costs to rewrite a motion for summary judgment (since the instant Motion would be mooted by late disclosure). (Doc. 41 at 8–10.)

Lastly, the Court must consider the importance of the testimony. Although the expert testimony of Dr. Brotherton is undoubtedly important, the Court cannot conclude that its importance outweighs both the failure to provide any meaningful justification for Bendinelli's late disclosure and the prejudice Wal-Mart would suffer if the Court admitted the testimony. The Court cannot rely on any proposed testimony from Dr. Brotherton in deciding whether Bendinelli has provided sufficient evidence for a jury to reasonably

16

conclude that Bendinelli's injury was caused by his accident at Wal-Mart because the Court would exclude any testimony from Dr. Brotherton at trial.

Thus, lacking any expert testimony on causation and not identifying any other causation evidence, the Court concludes no reasonable jury could find Bendinelli established causation and it must grant summary judgment for Wal-Mart.

## IV. CONCLUSION

Because Bendinelli fails to put forth evidence to create a dispute of material fact as to notice and causation, Wal-Mart is entitled to summary judgment on his negligence claim. Accordingly, the following is **ORDERED:**

1. Wal-Mart's Motion for Summary Judgment is **GRANTED**. (Doc. 23.)

2. The clerk is directed to enter judgment in Wal-Mart's favor, to terminate any pending motions and deadlines, and to close this case.

**ORDERED** in Tampa, Florida, on December 2, 2021.

Kathryn Kimball Mizelle
United States District Judge

17